UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRIKE 3 HOLDINGS, LLC,

                                                    Plaintiff,

                              -v-

JOHN DOE, *subscriber assigned IP address
96.239.56.249*,

                                                    Defendant.

---

22 Civ. 7797 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks leave to serve a third-party subpoena

prior to the initial pretrial conference in this case, under Federal Rule of Civil Procedure

26(d)(1). Dkt. 6, 7. Strike 3, which owns and distributes adult motion pictures, alleges that

defendant—who it currently knows only through his or her IP address—has illegally downloaded

and distributed its content, in violation of federal copyright law. *See* Dkt. 1 (Complaint). Strike

3 intends to serve a Rule 45 subpoena on defendant's Internet Service Provider ("ISP"), Verizon

Fios, demanding only the true name and address of defendant, in order to pursue its case. Strike

3's request is routine—it is a serial litigant which "has brought thousands of cases exactly like

this one in courts around the country." *Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 5818 (AT)

(JLC), 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019). For the reasons below—consistent

with the approach courts in this District routinely take in response to similar requests by Strike

3—the Court grants the motion, subject to careful measures designed to protect defendant's

identity.

Rule 26(d)(1) provides, "A party may not seek discovery from any source before the

parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order."

To determine whether to authorize such an order, courts in this District apply a "flexible standard

of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520

(S.D.N.Y. 2019) (quotation omitted).  In *Arista Records, LLC v. Doe 3*, the Second Circuit

identified the five "principal factors" courts should consider when making that determination:

> (1) the concreteness of the plaintiff's showing of a *prima facie* claim of actionable harm,
> (2) the specificity of the discovery request, (3) the absence of alternative means to obtain
> the subpoenaed information, (4) the need for the subpoenaed information to advance the
> claim, and (5) the objecting party's expectation of privacy.

604 F.3d 110, 119 (2d Cir. 2010) (cleaned up) (citing *Sony Music Ent. Inc. v. Does 1-40*, 326 F.

Supp. 2d 556, 564–65 (S.D.N.Y. 2004)).  Each favor weighs in favor of granting the motion.

First, to make out a *prima facie* case of copyright infringement, Strike 3 must "show (1)

ownership of a valid copyright in the item and (2) unauthorized copying." *Int'l Swaps &*

*Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir.

2003)).  It has done so.  Strike 3's complaint sets out the copyrighted works and describes the

manner in which defendant allegedly copied them without authorization. *See* Compl. ¶¶ 20–49.

It alleges that defendant transmitted the works through the BitTorrent file sharing protocol, as

shown by forensic evidence submitted with the complaint. *See* Compl., Ex. A.  That is sufficient

for a *prima facie* case. *See Strike 3 Holdings, LLC v. Doe*, No. 22 Civ. 4770 (PAE), 2022 WL

2526132, at *1 (S.D.N.Y. July 1, 2022) (recognizing *prima facie* case on similar facts); *Strike 3*

*Holdings, LLC v. Doe*, No. 22 Civ. 1618 (LJL), 2022 WL 785216, at *1 (S.D.N.Y. Mar. 15,

2022) (same); *Strike 3 Holdings*, 329 F.R.D. at 521 (same); *Malibu Media, LLC v. John Does 1-*

*11*, No. 12 Civ. 3810 (ER), 2013 WL 3732839, at *5 ("Plaintiff has made a concrete, *prima facie*

case of copyright infringement by alleging ownership of the registered copyright and alleging

unlawful downloading, copying, and distribution of this work by specifying the type of

technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement."); *Sony Music*, 326 F. Supp. 2d at 565–66 ("[T]he use of [peer-to-peer] systems to download and distribute copyrighted music has been held to constitute copyright infringement.)"

Second, Strike 3 has a made a specific discovery request. It seeks to serve a Rule 45 subpoena that would compel Verizon Fios to disclose only the name and address of the user associated with the IP address at issue. *See* Dkt. 6-1 (proposed order). This information is "a limited and highly specific set of facts" sufficient to meet *Artisa*'s second factor. *Strike 3 Holdings*, 2022 WL 785216, at *2 (quoting *Strike 3 Holdings*, 2019 WL 5459693, at *3; *Strike 3 Holdings, LLC v. Doe*, No. 18 Civ. 5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018)); *see also John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) (holding that "the name and address of the subscriber associated with [an] IP address" is a specific request).

Third, Strike 3 lacks alternative means of obtaining the sought information. The means by which defendant allegedly copied and distributed the copyrighted content—BitTorrent—is "'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *John Wiley*, 284 F.R.D. at 190. "The only entity that can connect a user's IP address to his identity is the user's internet service provider." *Strike 3 Holdings*, 2022 WL 785216, at *2; *see also BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity.").

Fourth, absent the requested subpoena, Strike 3 will be unable to serve defendant and pursue this case. Thus, "[u]nless the ISP identifies the user, the case cannot move forward." *Strike 3 Holdings*, 2022 WL 785216, at *2 (citing *Sony Music*, 326 F. Supp. 2d at 566

("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process.")).

Fifth, courts in this District have recognized that, while "the viewing and dissemination of adult movies[] may case embarrassment, 'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'" *Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 5866 (AT) (RWL), 2019 WL 4493342, at \*2 (S.D.N.Y. Aug. 21, 2019) (quoting *Malibu Media*, 2013 WL 3732839, at \*6). Thus, Strike 3's interest in learning defendant's identity outweighs their privacy interest.

Because Strike 3 has satisfied each of the *Arista* factors, the Court will grant its motion. However, "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense,'" *Strike 3 Holdings*, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)), the Court will also issue a protective order in connection with the subpoena. This approach is consistent with what appears to be the universal approach courts in this District take to similar requests. *See, e.g., id.*; *Strike 3 Holdings*, 2019 WL 4493342; *Strike 3 Holdings*, 2022 WL 785216; *Strike 3 Holdings*, 2019 WL 5459693; *Strike 3 Holdings, LLC v. Doe*, No. 21 Civ. 10869 (PMH), 2022 WL 580880 (S.D.N.Y. Feb. 25, 2022).

## CONCLUSION

For the foregoing reasons, Strike 3's motion is granted.

**IT IS HEREBY ORDERED** that Strike 3 may serve a Rule 45 subpoena on Verizon Fios, the ISP identified in its motion, to obtain information to identify John Doe, specifically his or her true name and current and permanent address. Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number. The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

**IT IS FURTHER ORDERED** that Verizon Fios will have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Verizon Fios may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

**IT IS FURTHER ORDERED** that John Doe will have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If he or she decides to contest the subpoena, he or she shall at the same time notify Verizon Fios so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions;

**IT IS FURTHER ORDERED** that if neither John Doe nor Verizon Fios contests the subpoena within the 60-day period, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Strike 3; and that any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of the Court is respectfully directed to close the motion pending at docket entry 6.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 23, 2022
       New York, New York

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, 1:22-cv-7797-PAE, a case now pending before the Honorable Paul A. Engelmayer, United States District Judge for the Southern District of New York.

2. Attached is Judge Engelmayer's Order, dated September 23, 2022, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, NY 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

6

10.  If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.